IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTIAN RODRIGUEZ, | ) | CIVIL ACTION NO. |
| | ) | |
| *On behalf of himself and all others* | ) | FILED ELECTRONICALLY |
| *similarly situated,* | ) | ON JUNE 8, 2022 |
| | ) | |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| | ) | |
| *v.* | ) | |
| | ) | |
| PPG INDUSTRIES, INC. | ) | 2:22-cv-838 |
| | ) | |
| Defendant. | ) | |

## COMPLAINT – CLASS/COLLECTIVE ACTION

Plaintiff Christian Rodriguez, on behalf of himself and all others similarly situated, by and through counsel, for his Class and Collective Action Complaint against Defendant PPG Industries, Inc. (hereinafter also referred to as "PPG" or "Defendant"), states and alleges the following:

## INTRODUCTION

1.     The Fair Labor Standards Act of 1938, as amended (the "FLSA"), 29 U.S.C. § 201, *et seq.*, is a broadly remedial and humanitarian statute designed to correct "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers[,]" 29 U.S.C. § 202(a), as well as "to protect all covered workers from substandard wages and oppressive working hours." *Barrentine v. Ark Best Freight Sys. Inc*., 450 U.S. 728, 739 (1981). The FLSA required Defendant PPG to pay all non-exempt employees at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours each workweek. 29 U.S.C. § 207. Nevada State wage and hour statutory law, Nevada Revised Statute ("NRS"), §§ 608.140, 608.016, 608.018, and 608.020-

.050, and other state laws further required the payment of overtime and/or non-overtime

compensation, and/or contained other wage payment requirements. *See, e.g.*, the Ohio Minimum

Fair Wage Standards Act, O.R.C. §§ 4111.01, *et seq.*; the Pennsylvania Minimum Wage Act, 43

P.S. §§ 333.101, *et seq.,* and the Pennsylvania Wage Payment and Collection Law, 43 P.S. §

260.3, *et seq.*; the Michigan Workforce Opportunity and Payment of Wages Acts, Mich. Comp.

Laws §§ 408.411, *et seq.,* 408.471, *et seq.*; the North Carolina Wage and Hour Act, N.C. Gen.

Stat. 95-25.1, *et seq.*; Indiana Minimum Wage Law, I.C. § 22-2-2, *et seq.,* and the Indiana Wage

Payment Statute, I.C. § 22-2-5, *et seq.*; California Labor Code, Cal. Lab. Code §§ 201-204, 226,

510, IWC Wage Orders #1-2001 through #17-2001, and Cal. Bus. & Prof. Code § 17200, *et. seq.*

      2.      In or about December 2021, Defendant's payroll provider, Ultimate Kronos

Group ("Kronos"), was subject to a purported cybersecurity incident.

      3.      The FLSA and/or similar State laws required Defendant to maintain accurate and

complete records of employees' time worked and amounts paid. 29 U.S.C. § 211(c); 29 C.F.R.

§§ 516.2, 516.5, 516.6, 516.7 ("[e]ach employer shall keep the records required by this part safe

and accessible at the place or places of employment, or at one or more established central

recordkeeping offices where such records are customarily maintained") (emphasis added). For

example, federal regulations require employers to make and keep payroll records showing

information and data such as the employee's name, occupation, time of day and day of week

which the workweek begins, regular hourly rate of pay for any week in which overtime

compensation is due, hours worked each workday and total hours worked each workweek, total

daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid

each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2.

To the extent that Defendant maintained the records at a central recordkeeping office, other than

in the place or places of employment, these records were required to be available within 72 hours. *See* 29 C.F.R. § 516.7. Nevada Law also requires that "[e]very employer shall establish and maintain records of wages for the benefit of his or her employees, showing for each pay period … [d]eductions, [n]et cash wage or salary … [and] total hours employed in the pay period by noting the number of hours per day ." NRS  608.115.

4.      In order to create and maintain these records, Defendant uses a timekeeping system called Kronos, which is a third-party service provided by HR management company UKG, an independent company unrelated to Defendant, and to whom Defendant pays a fee for use of the Kronos timekeeping capabilities.

5.      Through Kronos software and equipment, Defendant records its non-exempt employees' time in a method similar to traditional "punch-in" time-clocks: in each location where its non-exempt employees work, there is a shared Kronos device which each non-exempt employee uses daily to clock-in and clock-out, by swiping an electronic card.

6.      Defendant's non-exempt employees, including Plaintiff and other members of the FLSA Collective and State Law Class, are directed by Defendant to use the Kronos system to clock-in and clock-out each day they work. Upon information and belief, this is the only way they record their time.

7.      Upon information and belief, the Kronos system is the only timekeeping system used by all non-exempt employees of Defendant to record their daily hours, regardless of position or location, both in Nevada and nationwide.

8.      Defendant uses separate Kronos timekeeping devices at multiple locations to track its non-exempt employees' time, and the system is used by thousands of Defendant's non-exempt employees.

9.      Defendant relies on the time data recorded by the Kronos system to calculate its non-exempt employees' weekly pay, which varies week to week based on the actual number of hours its employees work in any given week, including overtime hours.

10.     On or about December 11, 2021, Kronos-provider UKG announced to its clients, including Defendant, that its Kronos timekeeping services had become inoperative due to a ransomware attack. UKG warned that the outage would potentially last several weeks, and advised its clients to "evaluate and implement alternative business continuity protocols."[1]

11.     As a result of this outage, starting on December 11, 2021, and continuing, upon information and belief, through February 2022, Defendant was unable to access the daily timekeeping records of its non-exempt employees as inputted into and maintained on the Kronos system.

12.     Because Defendant could not access Plaintiff's and other members of the FLSA Collective's and State Law Class's time records during the outage period, and because Defendant failed to adopt and have in place a functional back-up plan for recording non-exempt employee time and timely processing non-exempt employee payroll, Defendant could not – and did not – accurately pay its non-exempt employees during the outage period.

13.     Instead, over the several week outage period, Defendant paid its non-exempt employees, including Plaintiff Rodriguez, an estimated weekly pay, which Defendant itself derived, and which was not based upon, and did not reflect, the actual hours worked by Plaintiff and other members of the FLSA Collective and State Law Class.

---

[1] *See* announcement from UKG, available at
https://community.kronos.com/s/feed/0D54M00004wJKHiSAO?language=en_US (last accessed May 30, 2022).

14.     In the case of Plaintiff Rodriguez, and in the case of numerous other FLSA
Collective and State Law Class members, the estimated weekly wage payments that Defendant
made during the outage period were less than the actual amounts owed in one or more
workweeks.

15.     In or about February 2022, PPG started issuing apparent back pay checks to its
non-exempt employees who, according to Defendant's records, were underpaid as a result of the
Kronos incident. In issuing these payments, employees were not given any records by which they
could verify the accuracy of the back pay, Defendant did not in any way inform them of their
FLSA rights (including, but not limited to, a Court's authority to resolve an approve any waiver
of rights), and it has not paid all the amounts due, including those established by the FLSA as
statutory additional amounts and amounts due to failure to timely pay. This action has sown
confusion among employees – some of whom believe that the amounts Defendant has paid them
were insufficient even as to the straight overtime they were paid and some of whom are fearful to
challenge Defendant's numbers.

16.     As of the filing of this Complaint, Defendant has still not made accurate payments
to Plaintiff and other members of the FLSA Collective and State Law Class to reflect their proper
earnings and liquidated damages under federal and State law during the outage period.

17.     More than 30 days have passed since Defendant was required to pay Plaintiff and
other members of the FLSA Collective and State Law Class all wages earned and additional
statutory and/or other damages during the outage period.

18.     By failing to keep accurate records of hours worked, notwithstanding Defendant's
enumerated obligations under the FLSA, Nevada Law, and/or similar laws in effect in other
States, Defendant has not recorded or paid all overtime hours worked to its non-exempt

employees, including Plaintiff and other members of the FLSA Collective and State Law Class, in violation of the FLSA, Nevada Law, and the materially similar laws and their implementing regulations in effect in other States, since approximately early-December, 2021, after the outset of the Kronos cybersecurity incident.

19.     Plaintiff brings this case to challenge the policies and practices of Defendant that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the laws of the State of Nevada and the materially similar laws and their implementing regulations in effect in other States.

20.     Plaintiff brings this case as a nationwide FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" (the "FLSA Collective").

21.     Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert factually-related claims under the wage-and-hour statutes of the State of Nevada and similar laws and implementing regulations in other States (the "State Law Class").

22.     Plaintiff and other members of the FLSA Collective and State Law Class now seek to exercise their rights to unlawfully unpaid overtime wages and additional statutory liquidated damages in this matter, in addition to punitive damages, prejudgment interest, costs and attorneys' fees incurred in prosecuting this action, the employer's share of relevant taxes, and such further relief as the Court deems equitable and just.

## JURISDICTION AND VENUE

23.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §
1331 and 29 U.S.C. § 216(b).

24.     This Court has supplemental jurisdiction over Plaintiff's claims under State law
because those claims are so related to the FLSA claims as to form part of the same case or
controversy. 28 U.S.C. § 1367.

25.     Venue is proper in this judicial district and division pursuant to 28 U.S.C. §
1391(b) because Defendant resides in this district and division and a substantial part of the
events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

26.     Plaintiff Christian Rodriguez is an individual, a citizen of the United States, and a
resident of the State of Nevada. Plaintiff Rodriguez has filed a consent to join form which is
attached as Exhibit A.

27.     Defendant PPG is a Pennsylvania for-profit corporation with its headquarters and
principal place of business at One PPG Place Pittsburgh, PA 15272.[2]

## FACTUAL ALLEGATIONS

### Defendant's Business and Defendant's Status as an Employer

28.     Defendant PPG is "a global supplier of paints, coatings, optical products, and
specialty materials." PPG employs "~21,300" employees in North America, including at 80 sites
in 24 states.[3]

---

[2] *See* https://news.ppg.com/facts-about-ppg/default.aspx (last accessed May 29, 2022).
[3] *Id.*

29.     Defendant PPG is an "employer" of Plaintiff and other members of the FLSA Collective and State Law Class within the meaning of the FLSA, 29 U.S.C. § 203(d), Nevada Law, and the materially similar laws and their implementing regulations in effect in other States.

30.     Defendant PPG utilizes non-exempt employees, including Plaintiff and other members of the FLSA Collective and State Law Class, in furtherance of its business purpose.

31.     At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

32.     At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

33.     Defendant operates and controls an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

34.     Defendant was an employer of Plaintiff and other members of the FLSA Collective and State Law Class as Defendant exercised the power to hire or fire employees; supervised and controlled the employees' work or conditions of employment; determined employees' rates and methods of payment; and maintained or was required to maintain records, including employment records.

## Plaintiff's, the FLSA Collective's, and State Law Class's Non-Exempt Employment Statuses with Defendant

35.     Plaintiff Christian Rodriguez was employed by Defendant from approximately March 2019 to May 2022 as an hourly production supervisor employee in Sparks, Nevada. Defendant classified and paid Plaintiff, as well as other members of the FLSA Collective and State Law Class, as a nonexempt employee.

36.     At all times relevant, Plaintiff and other members of the FLSA Collective and State Law Class were employees within the meaning of 29 U.S.C. § 203(e), NRS Chapter 608, and the materially similar laws and their implementing regulations in effect in other States.

37.      At all times relevant, Plaintiff and other members of the FLSA Collective and State Law Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

### Defendant's Failure to Pay Overtime Compensation

38.     The FLSA, Nevada Law, and the materially similar laws and their implementing regulations in effect in other States, required Defendant to pay overtime compensation to its employees at the rate of one and one-half times their regular rate of pay for the hours they worked in excess of forty (40). 29 U.S.C. § 207; NRS § 608.018; and/or materially similar laws and their implementing regulations in effect in other States.

39.     Plaintiff Christian Rodriguez and other members of the FLSA Collective and the State Law Class frequently worked more than forty (40) hours in a single workweek.

40.     Defendant consistently failed to pay Plaintiff and other members of the FLSA Collective and the State Law Class for all hours, including overtime hours, worked. 29 U.S.C. § 207; NRS § 608.018; and/or materially similar laws and their implementing regulations in effect in other States.

41.     Instead of compensating Plaintiff Christian Rodriguez and other members of the FLSA Collective and the State Law Class at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek, Defendant paid Plaintiff and other members of the FLSA Collective and the State Law Class less than one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek.

42.     Defendant shortchanged its hourly employees and failed to pay overtime compensation through unlawful practices that do not calculate weekly overtime at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek.

43.     Defendant's unlawful time payment policies as highlighted above denied Plaintiff and other members of the FLSA Collective and the State Law Class compensable overtime hours and compensation they were entitled to be paid. Had Defendant kept accurate timekeeping and payroll records in compliance with the FLSA and Department of Labor regulations, including but not limited to by maintaining the records in a manner that was "**safe and accessible at the place or places of employment, or at one or more established central recordkeeping offices where such records are customarily maintained**," 29 C.F.R. § 516.7 (emphasis added), Plaintiff and other members of the FLSA Collective and the State Law Class would have been compensated for additional overtime hours for which they were not paid.

44.     As a direct and proximate result of Defendant's failure to keep accurate timekeeping and payroll records in compliance with the FLSA and Department of Labor regulations, Defendant did not pay overtime compensation to all non-exempt employees at at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours each workweek. 29 U.S.C. § 207. Instead, upon information and belief, in the weeks after the December 2021 Kronos purported cybersecurity incident, Defendant paid employees on the basis of average hours worked from the month prior to the outage period, or otherwise in a form that does not pay overtime compensation to all non-exempt employees at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours each workweek. While Plaintiff Christian Rodriguez, for example, and other members of the FLSA Collective and State Law Class, worked significant amounts of overtime hours after the December 2021

Kronos purported cybersecurity incident and beyond, their actual overtime hours were not paid at least one and one-half times their regular rate of pay as specifically enumerated by the FLSA.

45.     While Plaintiff and other members of the FLSA Collective and the State Law Class frequently worked more than forty (40) hours in a single workweek, from approximately early-December, 2021, Defendant consistently failed to pay Plaintiff and other members of the FLSA Collective and the State Law Class for all hours worked, including overtime hours. 29 U.S.C. § 207.

46.     Defendant's illegal overtime compensation pay practices, including the decision to calculate overtime wages based on a formula that does not consider actual overtime worked, were the result of systematic and company-wide policies originating at the corporate level.

47.     There is no dispute that Plaintiff and other members of the FLSA Collective and the State Law Class are entitled to overtime pay for hours worked over 40 under the laws cited herein upon which the claims are brought.

48.     Defendant's failure to compensate Plaintiff and other members of the FLSA Collective and the State Law Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay constitutes a knowing and willful violation of the FLSA, 29 U.S.C. § 207, corresponding Nevada Law, and the materially similar laws and their implementing regulations in effect in other States.

### Defendant's Record Keeping Violations

49.     The FLSA, Nevada Law, and/or the materially similar laws and their implementing regulations in effect in other States, required Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C. § 211(c);

29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; NRS 608.115; and the materially similar State laws and their implementing regulations.

50.     For example, federal regulations require employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment. 29 C.F.R. § 516.2; *see* NRS 608.115; and the materially similar State laws and their implementing regulations.

51.     Department of Labor regulations specifically required Defendant to maintain the records in a manner that was "safe and accessible at the place or places of employment, or at one or more established central recordkeeping offices where such records are customarily maintained." 29 C.F.R. § 516.7. To the extent that Defendant maintained the records at a central recordkeeping office, other than in the place or places of employment, these records were required to be available within 72 hours. *Id.*

52.     Defendant failed to keep accurate records of hours worked. Thus, Defendant did not record or pay all hours worked in violation of the FLSA, Nevada Law, and the materially similar laws and their implementing regulations in effect in other States.

## The Willfulness of Defendant's Violations

53.     Defendant knew that Plaintiff and other members of the FLSA Collective and State Law Class were entitled to overtime compensation under federal and state law or acted in reckless disregard for whether they were so entitled.

54.     Defendant's executive, calculated decision to pay wages without regard to actual overtime hours worked after the onset of the December 2021 Kronos purported cybersecurity incident, a policy and practice that inherently does not consider Plaintiff's and other members of the FLSA Collective's and State Law Class's actual overtime hours worked, and pay for the actual overtime worked at one and one-half times Plaintiff's and other members of the FLSA Collective's and State Law Class's regular rate of pay, constitutes a knowing and willful violation of the FLSA and state law.

55.     In addition, by denying Plaintiff and other members of the FLSA Collective and State Law Class overtime compensation as required by the FLSA, Nevada Law, and the materially similar laws and their implementing regulations in effect in other States, Defendant's acts were not based upon good faith. Through legal counsel as well as industry experience and custom, Defendant possessed ample access to the regulations and statutory provisions requiring the proper and prompt payment of overtime compensation under State and federal laws recited in this Complaint, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as required. Defendant therefore knew about the overtime compensation requirements of the FLSA, Nevada Law, and the materially similar laws and their implementing regulations in effect in other States or acted in reckless disregard as to Defendant's obligations under these laws.

56.     Moreover, Defendant's obligations under these laws were clearly known by Defendant. For example, NRS 608.013 provides that "[e]very employer shall conspicuously post and keep so posted on the premises where any person is employed a printed abstract of this chapter to be furnished by the Labor Commissioner." As furnished by the Labor Commissioner, this conspicuously-placed posting includes the language:

EMPLOYEES THAT MAKE MORE THAN THE HOURLY RATES ABOVE ARE ELIGIBLE FOR OVERTIME AT ONE AND A HALF TIMES THE EMPLOYEE'S REGULAR RATE OF PAY FOR OVER 40 HOURS OF WORK IN A WORK WEEK. [4]

Defendant therefore knew about the overtime requirements of the FLSA, Nevada Law, and the materially similar laws and their implementing regulations in effect in other States, or acted in reckless disregard for whether Plaintiff and other members of the FLSA Collective and State Law Class were entitled to overtime compensation.

57.     Further, inasmuch as Defendant knew or should have known of the possibility of the cybersecurity failure(s) and failed to implement appropriate practices in anticipation thereof, and because Defendant knowingly or recklessly failed to adopt and have in place a functional back-up plan for recording hourly employee time and timely processing hourly employee payroll, Defendant did not accurately pay its hourly employees during the Kronos outage period and acted willfully in doing so within the meaning of the applicable laws cited herein.

58.     Plaintiff and other members of the FLSA Collective and State Law Class are therefore entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. § 260, in addition to further and/or additional compensation pursuant to laws and implementing regulations in effect under State law.

59.     Defendant intentionally, knowingly, and willfully circumvented the requirements of the FLSA, Nevada Law, and the materially similar laws and their implementing regulations in effect in other States.

---

[4]https://labor.nv.gov/uploadedFiles/labornvgov/content/Employer/2022%20Annual%20Bulletin%20-%20Daily%20Overtime%20-%203.11.22.pdf (last accessed June 6, 2022).

60.     The above payroll practices resulted in knowing and willful overtime violations of the FLSA, 29 U.S.C. §§ 201-219; NRS Chapter 608; and the materially similar laws and their implementing regulations in effect in other States.

## COLLECTIVE ACTION STATEMENT

61.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

62.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

63.     Plaintiff brings this case on behalf of an FLSA collective group of employees of Defendant (referred to herein as the "FLSA Collective").

64.     The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations as to the FLSA Collective consist of:

**All current and former non-exempt (including but not limited to commission-based, hourly and salaried) employees of Defendant in the United States since the onset of the Kronos ransomware attack, from on or about December 1, 2021 to the present, whose weekly work hours were usually or would usually have been tracked by the Kronos timekeeping system, and who were not paid overtime compensation in the amount of one and one-half times the employee's regular rate of pay for all hours worked over forty (40) in any workweek during the Kronos outage period.**

65.     Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty (40) per workweek, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

15

66.     Conditional certification of this case as a collective action pursuant to 29 U.S.C. §
216(b) is proper and necessary so that such persons may be sent a Court-authorized notice
informing them of the pendency of this action and giving them the opportunity to "opt in."

67.     Plaintiff cannot yet state the exact number of similarly-situated persons but avers,
upon information and belief, that the FLSA Collective consists of over ten thousand (10,000)
persons. Such persons are readily identifiable through the payroll records Defendant has
maintained, and was required to maintain, pursuant to the FLSA.

## CLASS ACTION STATEMENT

68.     Plaintiff incorporates by reference the foregoing allegations of paragraph 1
through 60, as if fully rewritten herein.

69.     Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on
behalf of himself and other members of a class of persons who assert claims under the laws of
the State of Nevada and the materially similar laws and their implementing regulations in effect
in other States (the "State Law Class"), defined as:

> **All current and former non-exempt (including but not limited to commission-based, hourly and salaried) employees of Defendant in the United States since the onset of the Kronos ransomware attack, from on or about December 1, 2021 to the present, whose weekly work hours were usually or would usually have been tracked by the Kronos timekeeping system, who were not paid their actual earned wages – including overtime wages and non-overtime wages – during the Kronos outage period, and who were not paid overtime compensation in the amount of one and one-half times the employee's regular rate of pay for all hours worked over forty (40) in any workweek and/or not paid for all their hours worked.**

70.     The State Law Class is so numerous that joinder of all class members is
impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon
information and belief, that they consist of several thousand persons. The number of class
members, as well as their identities, are ascertainable from the payroll and personnel records

16

Defendant has maintained, and was required to maintain, pursuant to the FLSA, Nevada Law, and the materially similar laws and their implementing regulations in effect in other States. 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; NRS  608.115; and the materially similar State laws and their implementing regulations.

71.     There are questions of law or fact common to the State Law Class, including but not limited to:

>   Whether Defendant's conduct as described above violates State law, including Nevada Law and the materially similar laws and their implementing regulations in effect in other States, governing payment of overtime and non-overtime compensation;

>   Whether Defendant denied employees overtime and non-overtime compensation under State law, including Nevada Law and the materially similar laws and their implementing regulations in effect in other States, where, among other things, employees were not paid wages for their overtime hours and non-overtime hours worked; and

>   What amount of monetary relief will compensate Plaintiff and other members of the State Law Class for Defendant's violations of State law, including Nevada Law and the materially similar laws and their implementing regulations in effect in other States.

72.     Plaintiff's claims are typical of the claims of other members of the State Law Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

73.     Plaintiff will fairly and adequately protect the interests of the State Law Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the State Law Class in this case.

74.     The questions of law or fact that are common to the State Law Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

75.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

76.     Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 67, as if fully rewritten herein.

77.     Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and members of the FLSA Collective who may join this case pursuant to 29 U.S.C. § 216(b).

78.     The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

79.     Plaintiff and other members of the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

80.     Defendant did not pay overtime compensation to Plaintiff and other members of the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours.

81.     Defendant knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Plaintiff and other members of the FLSA Collective overtime compensation. Defendant's deliberate failure to pay overtime compensation to Plaintiff and other members of the FLSA Collective was neither reasonable, nor was the decision not to pay overtime made in good faith. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

82.     As a result of Defendant's violations of the FLSA, Plaintiff and other members of the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff and other members of the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Nevada Wage and Hour Violations and/or Similar State Laws and Implementing Regulations in Effect in Other States)

83.     Plaintiff incorporates by reference the foregoing allegations of paragraphs 1 through 60 and 69 through 75, as if fully rewritten herein.

84.     Plaintiff brings this claim for violation of Nevada State wage and hour statutory law, Nevada Revised Statute ("NRS") §§ 608.140, 608.016, 608.018, and 608.020-.050, and the

materially similar laws and their implementing regulations in effect in other States, on behalf of himself and other members of the FLSA Collective and State Law Class.

85.     At all times relevant, Defendant was an employer covered by Nevada's wage-hour statutes, NRS Chapter 608, and the materially similar laws and their implementing regulations in effect in other States.

86.     Defendant's failure to compensate overtime and non-overtime hours worked violated the Nevada wage compensation requirements set forth in NRS Chapter 608, and the materially similar laws and their implementing regulations in effect in other States.

87.     These violations of Nevada Law, including NRS § 608.140[5] (recognizing that employees have a private right of action for unpaid wages); NRS § 608.016 (providing that "[a]n employer shall pay to the employee wages for each hour the employee works"); NRS § 608.018 (providing that employees shall receive overtime pay for hours worked in excess of 40 hours in a workweek); NRS § 608.020 (providing that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."); NRS § 608.040(1)(a-b) (in relevant part, imposing a penalty on an employer who fails to pay a discharged or quitting employee); NRS § 608.050 (providing for an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service

---

[5] *Nelson v. Wal-Mart Assocs.,* D. Nev. No. 3:21-cv-00066-MMD-CLB, 2022 U.S. Dist. LEXIS 23065, at *8 (Feb. 9, 2022) (noting that "NRS [§] 608.140 explicitly recognizes a private cause of action for unpaid wages."); *Hukman v. Terrible Herbst Inc*., D. Nev. No. 2:21-cv-01279-APG-VCF, 2022 U.S. Dist. LEXIS 59616, at *22 (Mar. 30, 2022) (citing *Neville v. Eighth Jud. Dist. Ct. in and for Clark*, 133 Nev. 777, 406 P.3d 499 (Nev. 2017) ("NRS Chapter 608 provides private right of action for unpaid wages such that plaintiff could bring claims under §§ 608.016, 608.018, and 608.020 through 608.050")).

therefor; but the employee shall cease to draw such wages or salary 30 days after such default."); NRS 608.115 (establishing that an employer must maintain records of earned wages of its employees which show for each pay period the total hours employees were employed in the pay period by noting the number of hours per day); and the materially similar laws and their implementing regulations in effect in other States, injured Plaintiff and other members of the FLSA Collective and State Law Class in that they did not receive wages due to them pursuant to these statutory and/or other laws and regulations.

88.    Having injured Plaintiff and other members of the FLSA Collective and the State Law Class, Plaintiff and other members of the FLSA Collective and the State Law Class are entitled to their regular hourly rate of pay for all non-overtime hours worked each workweek during the relevant time period not timely paid, as well as one and one half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours per workweek during the relevant time period not timely paid, as well as liquidated damages, exemplary and/or punitive damages, and penalties pursuant to Nevada Law and/or the similar laws and their implementing regulations in effect in other States, including those cited in paragraph 1, above.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.


[Plaintiff's *Prayer for Relief* follows on the next page.]

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, *on behalf of himself and other members of the class and*

*collective action*, prays that this Honorable Court:

A.     Conditionally certify this case as a nationwide FLSA "collective action" pursuant to 29 U.S.C. § 216(b) as to the FLSA Collective and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.     Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the State Law Class;

C.     Enter judgment against Defendant, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the State Law Class;

D.     Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the State Law Class in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount;

E.     Enter injunctive relief to compel Defendant to ensure that it captures all hours worked by Plaintiff and the FLSA Collective and State Law Class members and pay the overtime and non-overtime wages due to these individuals;

F.     Award Plaintiff and other members of the FLSA Collective and State Law Class compensatory damages, non-timely payment of wage penalties pursuant to Nevada Law, NRS 608.040-.050 and/or the similar laws and their implementing regulations in effect in other States, prejudgment interest, costs, and attorneys' fees incurred in prosecuting this action, as well as statutory and/or punitive damages and an award of damages representing Defendant's employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes; and

G.     Enter such other and further relief as this Court deems equitable, just, and proper.

Respectfully submitted,

*s/ Kevin M. McDermott II*

Joseph F. Scott (0029780) *
Ryan A. Winters (0086917) *
Kevin M. McDermott II (0090455)
**SCOTT & WINTERS LAW FIRM, LLC**
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221   F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*and*

Seth R. Lesser (NY SL5560) *
Christopher M. Timmel (NY CT9831) *
**KLAFTER LESSER LLP**
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
seth@klafterlesser.com
christopher.timmel@klafterlesser.com

*ATTORNEYS FOR PLAINTIFF, PROPOSED FLSA COLLECTIVE ACTION PLAINTIFF, AND PROPOSED FED. R. CIV. P. 23 CLASS COUNSEL*

*APPLICATIONS PRO HAC VICE TO BE FILED*