IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTIAN RODRIGUEZ and ISAAC DIAZ, *on behalf of themselves and all others similarly situated*,<br><br>    Plaintiffs,<br><br>  v.<br><br>PPG INDUSTRIES, INC.,<br><br>    Defendant. | Civil Action No. 22-838<br><br>District Judge W. Scott Hardy<br>Magistrate Judge Maureen P. Kelly |

**MEMORANDUM OPINION**

**I. Introduction**

In their Amended Complaint, Plaintiffs Christian Rodriguez and Isaac Diaz allege, on behalf of themselves and a proposed class of similarly situated individuals, that their employer, Defendant PPG Industries, Inc. ("PPG"), failed to pay overtime wages and maintain accurate records in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, as amended (Count One), and in violation of the state laws of Nevada, California, and "the materially similar laws and their implementing regulations in effect in other States" (Count Two). (Docket No. 11). On January 27, 2023, Magistrate Judge Maureen P. Kelly issued a Report and Recommendation ("R&R") (Docket No. 39), recommending that PPG's Motion to Dismiss Plaintiffs' Amended Complaint in Part under Rule 12(b) and to Strike Portions of the Amended Complaint under Rule 12(f) (Docket No. 23) be denied. On February 10, 2023, PPG filed Objections to the R&R and a brief in support. (Docket Nos. 40, 41). Plaintiffs filed a response to PPG's Objections on February 24, 2023. (Docket No. 42). PPG's Objections are now ripe for disposition.

1

In its motion, PPG argues that Plaintiffs' claims under the laws of states other than California and Nevada (the "unspecified state law claims") should be dismissed for failure to state a claim upon which relief can be granted under Rule 12(b)(6) and/or for lack of standing under Rule 12(b)(1). (Docket No. 24). The R&R recommends that, to the extent PPG's motion is based on lack of standing, that motion should be denied because any state law claims here arise out of an injury of the same general character, and the class certification motion will provide PPG with an opportunity to contest the adequacy of the named Plaintiffs to represent the class, the typicality of their claims, and the predominance of common questions of law. (Docket No. 39 at 11). The R&R further recommends that, to the extent PPG argues that Plaintiffs fail to state a claim upon which relief can be granted, PPG's motion to dismiss Plaintiffs' unspecified state law claims (and to strike references to the unidentified laws of other states) should also be denied because it is premature to determine whether Plaintiffs have plausibly stated claims under the laws of states other than California or Nevada. (*Id.* at 11-12).

PPG has objected to the R&R's recommendation that its motion be denied. (Docket Nos. 40, 41). Central to PPG's Objections is its disagreement with the R&R's conclusions that Plaintiffs have included sufficient allegations in the Amended Complaint to state plausible claims against PPG in any number of unidentified states under any number of unidentified state laws, as well as the R&R's conclusion that Plaintiffs have sufficiently alleged standing to sue for any such unidentified state law claims under any such unidentified state laws. (*Id.*).

For the following reasons, the R&R is accepted in part and rejected in part. The Court finds that PPG's motion should be granted pursuant to Rule 12(b)(6) for failure to state claims upon which relief can be granted, and Plaintiffs' claims under the laws of states other than California and Nevada should be dismissed without prejudice to further amendment of the

Amended Complaint. Additionally, as the Court finds that Plaintiffs' unspecified state law claims are not plausible, the Court need not determine, at this juncture, whether Plaintiffs have standing to pursue such claims. Thus, the Court rejects the recommendation that it deny PPG's motion to dismiss Plaintiffs' unspecified state law claims pursuant to Rules 12(b)(1) and 12(b)(6). Accordingly, the Court sustains PPG's Objections on these issues and rejects those portions of the R&R discussing and relying on such findings as contained in the Recommendation and the Report's Discussion and Conclusion sections. The Court accepts the other sections of the R&R, including the Report's Factual and Procedural Background and Legal Standard, and the Court incorporates those accepted portions of the R&R into this Memorandum Opinion.

**II.    Standard of Review**

In resolving a party's Objections, the Court conducts a *de novo* review of any part of the R&R that has been properly objected to. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the recommended disposition, as well as receive further evidence or return the matter to the magistrate judge with instructions. *See id.* Upon careful *de novo* review of the record, including PPG's motion and the parties' filings in support and in opposition, the R&R, PPG's Objections to the R&R and Plaintiffs' response thereto, as well as the entire record, the Court concludes that PPG's Objections do in fact undermine the disposition recommended in the R&R with regard to PPG's partial motion to dismiss. Accordingly, the Court rejects the R&R's recommended disposition of PPG's motion, as set forth herein.

**III.    Discussion**

As outlined, *supra*, PPG objects to the recommendation in the R&R that the Court deny PPG's partial motion to dismiss and, in so doing, reject PPG's first argument, that Plaintiffs' unspecified state law claims in Count Two of the Amended Complaint should be dismissed for

failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). The Court notes that the R&R only briefly addresses such argument by PPG, and instead focuses primarily on PPG's second argument, that Plaintiffs' unspecified state law claims should be dismissed based on Plaintiffs' lack standing pursuant to Rule 12(b)(1). (Docket No. 39 at 7-11). After discussing and rejecting PPG's standing argument, however, the R&R further recommends that the Court reject PPG's Rule 12(b)(6) argument (and deny PPG's motion to strike under Rule 12(f)), concluding that it would be premature for the Court to determine at this stage of the proceedings whether Plaintiffs have plausibly stated claims against PPG under the laws of states other than California or Nevada. (*Id.* at 11-12).

After careful consideration, the Court agrees with PPG's argument that Plaintiffs have failed to satisfy the pleading standards under Rule 8 of the Federal Rules of Civil Procedure with regard to Plaintiffs' unspecified state law claims against PPG. While Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,'" a complaint must at least "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Here, while PPG, quite reasonably, does not seek the dismissal of Plaintiffs' Nevada and California state law claims under Rule 12(b)(6), PPG points out that the Amended Complaint does not even *identify* Plaintiffs' other state law claims in Count Two, making it impossible to determine if enough factual matter has been pled to support such claims. (Docket No. 41 at 7). The Court notes further that, in addition to alleging PPG's violations of the laws of California and Nevada – complete with specific citations to the applicable statutes of both states – to the extent Plaintiffs may wish to allege other state law claims, the Amended Complaint refers only to PPG's alleged violations of "the materially similar laws and their implementing regulations

4

in effect in other States." (*See, e.g.,* Docket No. 11, ¶¶ 84, 85, 86). The Amended Complaint does not, however, include citations to any specific "materially similar" laws of other states that PPG is claimed to have violated, which prevents the Court from finding that Plaintiffs have included allegations of facts sufficient to state any particular state law claims other than claims under the laws of California and Nevada.

Plaintiffs argue that they do not need to identify in their Amended Complaint any other particular state laws that they claim were violated, and that "[w]hat matters for nationwide certification, and most certainly at this point," is instead "that 'the claims of the named plaintiffs parallel those of the putative class members in the sense that, assuming a proper class is certified, success on the claim under one state's law will more or less dictate success under another state's law.'" (Docket No. 33 at 5 (quoting *Suber v. Liberty Mut. Ins. Grp.*, Civ. Action No. 21-4750, 2022 WL 952889, at *7 (E.D. Pa. Mar. 30, 2022))). However, the Court is not presently considering a motion for class certification under Rule 23, and among the cases Plaintiffs cite in opposing PPG's motion to dismiss, most of the complaints clearly allege the particular states in which violations occurred, as well as the specific state statutes that were violated. *See, e.g., In re Seroquel XR Antitrust Litig.*, Master Docket No. 20-1076-CFC, 2022 WL 2438934, at *15, 21 (D. Del. July 5, 2022) (in which the plaintiffs asserted state law antitrust claims under the laws of 35 states and the District of Columbia along with statute-based consumer protection claims and common law unjust enrichment claims, with the complaint alleging anticompetitive conduct and providing the relevant statute for each consumer protection claim alleged); *Pierre v. Healthy Beverage, LLC*, Civ. Action No. 20-4934, 2022 WL 596097, at *2 & n.3 (E.D. Pa. Feb. 28, 2022) (in which the complaint identified a nationwide class and nine state-specific subclasses along with the state statutes under which claims were brought, and in which the court dismissed an unjust

enrichment claim brought on behalf of the nationwide class because no specific state laws had been identified); *In re Generic Pharms. Pricing Antitrust Litig.*, 368 F. Supp. 3d 814, 831 (E.D. Pa. 2019) (a multidistrict antitrust litigation case in which individual states and state statutes at issue were identified); *Gress v. Freedom Mortg. Corp.*, 386 F. Supp. 3d 455, 459 & n.1 (M.D. Pa. 2019) (a multi-state putative class action in which the various state consumer protections statutes at issue were identified in the complaint). In fact, even in the case cited in the R&R in support of the recommendation that the Court deny PPG's motion to dismiss at this preliminary stage, the underlying complaint included specific references to the states in which violations allegedly occurred and citations to the state laws that were allegedly violated. *See Quint v. Vail Resorts, Inc.*, Civ. Case No. 1:20-cv-03569, 2022 WL 4550087, at *2 (D. Colo. July 8, 2022). Here, in contrast, Plaintiffs' Amended Complaint fails to indicate either the states in which violations allegedly occurred or the state laws that were allegedly violated (other than California and Nevada). Thus, the Court finds that Plaintiffs' allegations of PPG's conduct – in unspecified states in violation of unidentified state laws – are simply insufficient under Rule 8 and fail to state plausible claims under Rule 12(b)(6).

Therefore, the R&R is accepted in part and rejected in part. The Court finds that PPG's partial motion to dismiss should be granted, and that Plaintiffs' claims of violations of unspecified state laws in Count Two of the Amended Complaint should be dismissed without prejudice to further amendment of the Amended Complaint. Specifically, the Court finds that PPG's motion to dismiss Plaintiffs' claims under the laws of states other than California and Nevada should be granted pursuant to Rule 12(b)(6) for failure to state claims upon which relief can be granted. Because Plaintiff has failed to state plausible claims based on unspecified state laws, the Court need not determine whether Plaintiffs have sufficiently alleged standing to pursue these

6

unspecified claims at this juncture. Finally, as the Court will permit Plaintiffs to amend the Amended Complaint in light of the Court's ruling herein, the Court will deny PPG's Rule 12(f) motion to strike and will instead permit those portions of the Amended Complaint regarding Plaintiffs' unspecified state law claims to remain as Plaintiffs amend such claims. If, however, Plaintiffs choose not to amend their claims further, the portions of the Amended Complaint that concern unspecified state law claims will be stricken as immaterial under Rule 12(f).

## IV.  Conclusion

The Court rejects the recommendation in the R&R that it deny PPG's motion to dismiss the unspecified state law claims in Count Two pursuant to Rule 12(b) and strike portions of the Amended Complaint pursuant to Rule 12(f). The Court sustains PPG's Objections on these issues and rejects the portions of the R&R discussing and relying on such findings as contained in the Recommendation and the Report's Discussion and Conclusion sections. The Court accepts the other sections of the R&R, including the Report's Factual and Procedural Background and Legal Standard, and the Court incorporates those accepted portions of the R&R into this Memorandum Opinion.

Accordingly, the R&R (Docket No. 39) is accepted in part and rejected in part, as fully set forth, *supra*. PPG's Motion to Dismiss Plaintiffs' Amended Complaint in Part under Rule 12(b) and to Strike Portions of the Amended Complaint under Rule 12(f) (Docket No. 23) is granted in part and denied in part. PPG's motion is granted to the extent that Plaintiffs' claims under the laws of states other than California and Nevada are dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Such claims are dismissed without prejudice to Plaintiffs' further amendment of the Amended Complaint. As the Court is permitting Plaintiffs to amend the Amended Complaint in light of the Court's ruling herein, PPG's motion is denied to the extent that

it seeks to have the Court strike portions of the Amended Complaint pursuant to Rule 12(f).  The Court is allowing those portions of the Amended Complaint regarding Plaintiffs' unspecified state law claims to remain as Plaintiffs amend such claims.  If Plaintiffs choose not to amend the Amended Complaint in accordance with the Court's ensuing Order, however, then the Court will grant PPG's Rule 12(f) motion and deem stricken from the Amended Complaint references to claims under the laws of states other than California and Nevada (including those found at Docket No. 11, ¶¶ 1, 18, 19, 21, 29, 36, 40, 44, 48, 49, 50, 52, 55, 56, 59, 60, 69, 70, 71, and 84-88), and PPG will file its Answer to the remainder of Plaintiffs' Amended Complaint in accordance with the Court's Order.

      An appropriate Order follows.

                                              */s W. Scott Hardy*
                                              W. Scott Hardy
                                              United States District Judge

Dated:  March 9, 2023

cc:       All counsel of record