## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTIAN RODRIGUEZ, *et al., on behalf of themselves and all others similarly situated,*

    Plaintiffs,

  v.

PPG INDUSTRIES, INC.,

    Defendant.

Civil Action No. 2:22-cv-00838-MPK

*Electronically Filed*

Re: ECF No. 90

## <u>PRELIMINARY APPROVAL ORDER</u>

Before the Court is Named Plaintiffs Christian Rodriguez, Isaac Diaz, Steven Sears, Jason Lorick, and Joni Lanik's Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement and the pertinent materials filed with that Motion. For good cause shown, as detailed below, the Motion is GRANTED. The Court ORDERS as follows:

1.  **Definitions.** All terms used in this Order have the same meaning as in the Settlement Agreement between the Parties ("the Agreement") that was attached to the Named Plaintiffs' Motion.

2.  **Preliminary Certification of the Rule 23 Classes; Conditional Certification of the FLSA Kronos Collective for purposes of settlement only.** For the purposes of settlement only, the Court preliminarily finds that the proposed Rule 23 Classes, as defined in the Agreement and below, meet the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, the Court certifies for settlement purposes only the following proposed Rule 23 Classes:

> Current or former non-exempt employees of Defendant who worked at Defendant's Huntsville, Alabama facility at any time from June 8, 2019 through December 5, 2023 ("the Alabama Class");

Current or former non-exempt employees of Defendant who: (a) experienced an underpayment of certain wages during any pay period as a result of the December 2021 Kronos ransomware attack; (b) were employed in California at the time; and (c) received a reconciliation payment from Defendant following the attack in the amount of the net underpayments experienced during the attack ("the California Class");

Current or former non-exempt employees of Defendant who worked at Defendant's Brazil, Indiana powder coating production facility at any time from June 8, 2019 through December 5, 2023 ("the Indiana Class") (together with the Alabama and California Classes, "the Rule 23 Classes").

In addition, for purposes of settlement only, the Court conditionally certifies the following proposed Collective for purposes of settlement only:

Current or former non-exempt employees of Defendant who: (a) experienced an underpayment of certain wages as a result of the December 2021 Kronos ransomware attack; (b) received a reconciliation payment from Defendant following the attack in the amount of the net underpayments experienced during the attack; and (c) are not Rule 23 Class Members ("the FLSA Kronos Collective").

3.    **Class/Collective Representatives.** The Court preliminarily grants approval to the Named Plaintiffs to serve as Class/Collective Representatives with respect to the settlement, as follows: (1) Named Plaintiffs Lorick and Lanik are approved to serve as representatives of the Alabama Class; (2) Named Plaintiff Isaac Diaz is approved to serve as representative of the California Class; (3) Named Plaintiff Steven Sears is approved to serve as representative of the Indiana Class; and (4) Named Plaintiffs Christian Rodriguez, Isaac Diaz, and Steven Sears are approved to serve as representatives of the FLSA Kronos Collective.

4.    **Class/Collective Counsel.** The Court preliminarily appoints as Class/Collective Counsel for the Rule 23 Classes and FLSA Kronos Collective Joseph F. Scott, Ryan A. Winters, and Kevin M. McDermott II of the law firm Scott & Winters Law Firm, LLC (50 Public Square, Suite 1900, Cleveland, Ohio 44113), and Jeffrey A. Klafter, Seth R. Lesser, and Christopher M.

Timmel of the law firm of Klafter Lesser LLP (Two International Drive, Suite 350, Rye Brook, New York 10573).

5.    **Preliminary Approval of the Agreement as to Rule 23 Class Members.** As to the Rule 23 Class Members, the Court has reviewed the Agreement and concludes that Agreement, insofar as it would settle the claims of Rule 23 Class Members, is, preliminarily approved as fair, reasonable and adequate.  Likewise, the method for determining the individual payments to the members of the Rule 23 Class Members, as set forth in the Agreement, is preliminarily approved as a fair, equitable, and reasonable allocation of the Maximum Gross Settlement Amount of $800,000 (as defined in the Agreement). The Court also finds the releases set forth in paragraphs 6.1 - 6.3 of  the Agreement, preliminarily, to be fair and reasonable. Accordingly, the Agreement is preliminarily approved as to the Rule 23 Class Members for settlement purposes only, subject to further consideration thereof at the Fairness Hearing, as provided in Paragraph 12 below.

6.    **Preliminary Approval of the Agreement as to FLSA Kronos Collective Members for purposes of settlement only.** As to the FLSA Kronos Collective Members, the Court has reviewed the Agreement and concludes that the Agreement, insofar as it would settle the Claims of FLSA Collective Members who opt-in to  join this settlement is, preliminarily approved as, fair, reasonable, and adequate. Likewise, the method for determining the individual payments to those members of the FLSA Kronos Collective who opt-in to join this settlement, as set forth in the Agreement, is preliminarily approved as a fair, equitable, and reasonable allocation of the Maximum Gross Settlement Amount of $800,000 (as defined in the Agreement). The Court also finds the release set forth in paragraph 6.4 of the Agreement, on a preliminary basis, to be fair and reasonable. Accordingly, the Agreement is preliminarily approved as to the FLSA Kronos Collective Members for settlement purposes only, subject to further consideration thereof at the

Fairness Hearing, as provided in Paragraph 12 below.

7.  **Settlement Administrator.** RG/2 is approved as the Settlement Administrator of the settlement as set forth in the Agreement.

8.  Not later than fourteen (14) days after the date of this Order, Defendant will provide the Settlement Administrator with a spreadsheet listing the names, and last known addresses, and social security numbers of the Rule 23 Class Members and FLSA Kronos Collective Members.

9.  **Notice to the Class/Collective Members; Consent to Join Forms.** The Notice to All Potential Settlement Class Members of Proposed Class and Collective Action Settlement and Fairness Hearing (the "Class Notice") attached as Exhibit C to the Agreement is approved. The Court orders that the Settlement Administrator send the Class Notice, in substantially the same form as set forth in Exhibit C to the Agreement, to the Rule 23 Class Members in accordance with paragraph 4.2 (b) of the Agreement.

In addition, the Notice to Proposed Collective Members of Proposed Settlement of Collective and Class Action Lawsuit, Conditional Certification and Opportunity to Join this Action ("Collective Notice") and Consent to Join form, attached as Exhibits D and E, respectively, to the Agreement is approved. The Court orders that the Settlement Administrator send the Collective Notice, in substantially the same form as set forth in the Agreement, to the FLSA Kronos Collective Members in accordance with paragraph 4.3(b) of the Agreement. The deadline for the submission of timely and valid Consent to Join Forms (the "Bar Date") is 45 days from the date on which the Settlement Administrator first mails the Collective Notice and Consent to Join Forms to the FLSA Kronos Collective Members. Following the Bar Date, consistent with the terms of the Agreement, Class/Collective Counsel shall file with the Court a list of all Settlement Collective Members (names only) and their redacted Consent to Join Forms (redacting only their contact

information).

10.      **Exclusion from the Settlement**. Any member of the Rule 23 Classes who does not wish to participate in the settlement may request exclusion from the class by submitting a signed request for exclusion to the Settlement Administrator. To be effective, such request for exclusion must include the individual's name and an unequivocal statement that the individual requests to be excluded from the class, and it must be postmarked or received by the Settlement Administrator within forty-five (45) days following the date of the initial mailing of the Class Notice.

11.      **Objections.** Any Rule 23 Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must do so first in writing. To be considered, such statements must be sent to the Settlement Administrator via U.S. First Class Mail and be postmarked or received by the Settlement Administrator by a date certain, to be specified on the Class Notice, which shall be for each Class Member forty-five (45) days after the initial mailing of the Settlement Administrator of the Notice. The Settlement Administrator shall stamp the date received on the original and send copies of each objection to Defense Counsel and Class/Collective Counsel not later than three (3) business days after receipt thereof. Class Counsel shall file the date-stamped originals of any and all objections with the Court within three (3) business days after receipt from the Settlement Administrator. An objector who timely submits a written objection may appear at the Fairness Hearing either in person or through counsel hired by the objector. An objector who wishes to appear at the Fairness Hearing must state their intention to do so at the time they submit their written objections. An objector may withdraw their objections at any time. No Rule 23 Class Member may appear at the Fairness Hearing unless they filed a timely objection that complies with the procedures provided herein. Any Rule 23 Class Member who requests exclusion from the Class may not submit objections to the settlement. The Parties may file with

the Court written responses to any filed objections no later than fourteen (14) days before the Fairness Hearing.

12.     **Motion for Final Approval**. Named Plaintiffs will file their motion for entry of an order granting final approval of the class and collective action settlement no later than April 9, 2025.

13.     **Fairness Hearing**. Under Rule 23(e) of the Federal Rules of Civil Procedure, a Fairness Hearing will be held on April 23, 2025 at 10:30 a.m. to consider final approval of the Agreement including final certification of the Rule 23 Classes, final approval of the settlement of the claims of the Rule 23 Classes, and final approval of the settlement of the claims of the FLSA Collective.[1] The date and time of the Fairness Hearing shall be set forth in the Class Notice and Collective Notice, but the Fairness Hearing shall be subject to adjournment by the Court without further notice to the Class Members other than that which may be posted by the Court on the docket for this Action.

14.     **Motion for an award of (1) Attorneys' Fees and Expenses Payment to Plaintiffs' Counsel; (2) Enhancement Payments to the Named Plaintiffs; and (3) Notice and Administrative Costs to the Settlement Administrator.**  At least fourteen (14) days before the deadline to object to or opt out of the Settlement, Class/Collective Counsel shall file their motion for attorneys' fees, costs, class representative enhancement, and notice and administrative costs to the Settlement Administrator. This motion shall be filed no later than March 17, 2025.

15.     **Effect of the Agreement.** All members of the Settlement Class who do not timely

---

[1] To ensure that the parties have time to administer the Agreement and comply with the notice provisions of the Class Action Fairness Act, the Fairness Hearing shall be scheduled no less than 90 days following the date of this Order and at least 100 days from the date on which Named Plaintiffs filed their motion for preliminary approval.

and properly exclude themselves from the class will be bound conclusively by all of the terms of the Agreement, if finally approved, and by any judgment entered upon final approval. Class Counsel will file returned exclusion statements with the Court as set forth in the Agreement.

16.    **Voiding the Agreement.** Pursuant to the Agreement, if 10% or more of the members of the Rule 23 Class elect to be excluded, Defendant will have the right, in its sole discretion, to void this Agreement by filing with the Court a notice as set forth in the Agreement. If Defendant files a timely notice, then the Agreement becomes null and void and this action will resume as it existed immediately prior to the execution of the Agreement.

17.    **Order for Settlement Purposes.** The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in this action or any other action.

18.    **Stay.** All proceedings in this action, other than such proceedings as may be necessary to carry out the terms and conditions of the Agreement, this Order, or as the Court otherwise determines are necessary, are stayed and suspended until further order of the Court.

19.    **Use of Agreement and Ancillary Terms.** Neither the Agreement (whether or not it is finally approved) nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including matters associated with the mediation) will be admissible or offered into evidence in any action related or similar to this one for the purposes of establishing, supporting, or defending against any claims that were raised or could have been raised in this action or are similar to such claims.

20.    **Nullification.** This Order will be null and void and of no force or effect, and this action will proceed as though a class had never been certified, if the Agreement is not finally approved by the Court or if the Agreement, after being finally approved by the Court, is invalidated

on appeal or terminated pursuant to its own terms.

**IT IS SO ORDERED.**

DATED: JANUARY 17, 2025                    BY THE COURT,

                                          ***/s/ Maureen P. Kelly***
                                          MAUREEN P. KELLY
                                          UNITED STATES MAGISTRATE JUDGE