# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTIAN RODRIGUEZ, *et al., on behalf of themselves and all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>PPG INDUSTRIES, INC.,<br><br>Defendant. | Civil Action No. 2:22-cv-00838-WSH-MPK |

**MEMORANDUM OF LAW IN SUPPORT OF NAMED PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF AN AWARD OF ATTORNEYS' FEES AND EXPENSES TO CLASS/COLLECTIVE COUNSEL, ENHANCEMENT PAYMENTS TO THE NAMED PLAINTIFFS, AND NOTICE AND ADMINISTRATION COSTS TO THE SETTLEMENT ADMINISTRATOR**

**TABLE OF CONTENTS**

I. The Court Should Approve Award of One-Third Attorneys' Fees Plus Expenses ............ 2

 A. Percentage of the Fund Awards are Typical in Common Fund Settlements .......... 3

 B. The Requested Fee Award Satisfies the *Gunter* Factors .................................... 4

 C. The Requested Fee Award Satisfies the Lodestar Cross-Check ............................ 8

 D. The Court Should Award Payment of Class Counsels' Expenses ........................ 10

II. The Court Should Award Enhancement Payments to the Named Plaintiffs .................... 10

III. The Court Should Approve Payment to the Settlement Administrator ............................ 11

IV. Conclusion ........................................................................................................................ 12

## Table of Authorities

*Altnor v. Preferred Freezer Servs.*,
   197 F. Supp. 3d 746 (E.D. Pa. 2016) ....................................................................................... 9

*Alvarez v. BI Inc.*,
   2020 WL 1694294 (E.D. Pa. Apr. 6, 2020) ............................................................................ 10

*Arrington v. Optimum Healthcare IT, LLC*,
   2018 WL 5631625 (E.D. Pa. Oct. 31, 2018) ............................................................................ 7

*AT&T Corp. Sec. Litig.*,
   455 F.3d 160 (3d Cir. 2006) ..................................................................................................... 4

*Cikra v. LaMi Prod., LLC*,
   2016 WL 9776077 (E.D. Pa. Nov. 10, 2016) ........................................................................... 7

*Craig v. Rite Aid Corp.*,
   2013 2013 WL 84928 (M.D. Pa. Jan. 7, 2013) ....................................................................... 11

*Creed v. Benco Dental Supply Co.*,
   2013 WL 5276109 (M.D. Pa. Sep. 17, 2013) ....................................................................... 2, 8

*Devine v. Northeast Treatment Ctrs.*,
   2021 WL 4803819 (E.D. Pa. Oct. 14, 2021) .......................................................................... 10

*Devlin v. Ferrandino & Son, Inc.*,
   2016 WL 7178338 (E.D. Pa. Dec. 9, 2016) ............................................................................. 7

*Dickerson v. York Int'l Corp.*,
   2017 WL 3601948 (M.D. Pa. Aug. 22, 2017) .......................................................................... 9

*Districts in Pennsylvania. In Kapolka v. Anchor Drilling Fluids USA, LLC*,
   2019 WL 5394751 (W.D. Pa. Oct. 22, 2019) ....................................................................... 7, 8

*Erie Cty. Retirees Ass'n*,
   192 F. Supp. 2d 369 (W.D. Pa. 2002) ...................................................................................... 7

*Gunter v. Ridgewood Energy Corp.*,
   223 F.3d 190 (3d Cir. 2000) ................................................................................................. 3,4

*Hall v. Accolade, Inc.*,
   2020 WL 1477688, (E.D. Pa. Mar. 25, 2020)……………………………………………....10

*Holden v. Guardian Analytics, Inc.*,
   2024 WL 2845392 (D.N.J. June 5, 2024) ................................................................................ 2

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001) ..................................................................................................... 3

*In re Prudential Insurance Co. America Sales Practice Litig.*,
    148 F.3d 283 (3d Cir. 1998) .................................................................................... 4, 8

*In re Rite Aid Corp. Sec. Litig.*,
    396 F.3d 294 (3d Cir. 2005) ................................................................................ 3, 4, 8

*In re Safety Components, Inc. Sec, Litig.*,
    166 F. Supp. 2d 72 (D.N.J. 2001) ................................................................................ 9

*In re Valuevision Int'l Inc. Sec. Litig.*,
    957 F. Supp. 699 (E.D. Pa. 1997) ................................................................................ 7

*Leap v. Yoshida*,
    2016 WL 1730693 (E.D. Pa. May 2, 2016) .............................................................. 10

*Lovett v. Connect Am.com*,
    2015 WL 5334261 (E.D. Pa. Sep. 14, 2015) ............................................................ 2, 3

*Lucia v. McClain & Co.*,
    2015 WL 8361763 (D.N.J. Dec. 8, 2015) ................................................................ 2, 3

*Lyons v. Gerhard's Inc.*,
    2015 WL 4378514 (E.D. Pa. July 16, 2015) ................................................................ 7

*Macaluso v. Zirtual Startups, LLC*,
    2021 WL 3639665 (S.D. Ohio Aug. 17, 2021) ............................................................ 5

*Martin v. Foster Wheeler Energy Corp.*,
    2008 WL 906472 (M.D. Pa. Mar. 31, 2008) ................................................................ 7

*Mejia v. KVK-Tech, Inc.*,
    2020 WL 5292074 (E.D. Pa. Sept. 4, 2020) .............................................................. 10

*Pullinger v. Arther R. Todd Elec. Contr., Inc.*,
    2022 WL 4974816 (D.N.J. Oct. 4, 2022) ..................................................................... 2

*Rapp v. Forest City Technologies, Inc.*,
    2021 WL 2982005 (N.D. Ohio July 15, 2021) ............................................................ 5

*Rouse v. Comcast Corp.*,
    2015 WL 1725721 (E.D. Pa. Apr. 14, 2015) ............................................................ 2, 7

*Shahriar v. Smith & Wollensky Rest. Grp., Inc.*,
    659 F.3d 234 (2d Cir. 2011) .................................................................................. 11, 12

*Sullivan v. DB Invests., Inc.*,
    667 F.3d 273, fn 65 (3d Cir.2011) ............................................................................. 10

*Tumpa v. IOC-PA, LLC*,
    2021 WL 62144 (W.D. Pa. Jan. 7, 2021) .................................................................. 6, 9

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
 396 F.3d 96 (2d Cir. 2005) .................................................................................................. 3

*Wood v. AmeriHealth Caritas Servs., LLC*,
 2020 WL 1694549 (E.D. Pa. Apr. 7, 2020) ........................................................................ 7, 9

*Wright v. Premier Courier, Inc.*,
 2018 WL 3966253 (S.D. Ohio Aug. 17, 2018) ................................................................... 5, 6

**<u>Regulations</u>**

Federal Rule of Civil Procedure 23 ......................................................................................1

On December 10, 2024, Named Plaintiffs Christian Rodriguez, Isaac Diaz, Steven Sears, Jason Lorick, and Joni Lorik filed their unopposed motion seeking preliminary approval of the proposed Class and Collective Action Settlement ("Settlement") reached between Plaintiffs and Defendant PPG Industries, Inc. (ECF No. 90). The Court granted preliminary approval on January 17, 2025, ruling the Agreement fair, reasonable, and adequate with regard to both the Rule 23 Class Members and to the FLSA Kronos Collective Members (ECF No. 100 at 3-4) (the "Order"). A fairness hearing will be held on April 23, 2025 to consider final approval. *Id.* at 6.

Further to the Court's Order (at 6), Plaintiffs now move for an award of (1) Attorneys' Fees and Expenses; (2) Enhancement Payments to the Named Plaintiffs; and (3) the Settlement Administrator's notice and administration costs.[1] Specifically, per the terms of the Agreement, Plaintiffs' request an award of attorneys' fees of $266,666.67 (or, one-third of the $800,000 Settlement Amount), plus expenses of $20,933.89 (for a total of $287,600.56), to Court-appointed Class/Collective Counsel Scott and Winters Law Firm, LLC ("Scott & Winters") and Klafter Lesser LLP ("Klafter Lesser")[2]. Agreement at §1.28(b). Plaintiffs also seek an award of Enhancement Payments of $5,000.00 to each of the five Named Plaintiffs (for a total of $25,000), based on their service to the Classes and the Collective in initiating this case and working with counsel to investigate and prosecute this litigation. Settlement Agreement ("Agreement") at §1.28(d). Finally, Plaintiffs also seek an award of $37,500 to pay for the notice and administration costs of the Settlement Administrator. Agreement at §1.28(c). The Class and

---

[1] Pursuant to the Agreement, Defendant does not to oppose this motion. Agreement at §4.4(b). A copy of the Agreement was submitted with Plaintiffs' motion for preliminary approval. *See* ECF No. 91-2.
[2] The Court preliminarily appointed Scott & Winters and Klafter Lesser as Class/Collective Counsel in its Order (at 2-3).

1

Collective Members were advised of these allocations in the Court-approved forms of Notice they each received. *See* Declaration of Jeff Klafter ("Klafter Dec."), filed concurrently herewith, at ¶2. As described herein, the awards sought by this motion are reasonable and merited in light of the resolution of the case and the significant benefits obtained on behalf of the Class and the Collective.[3]

### I. The Court Should Approve Award of One-Third Attorneys' Fees Plus Expenses

Plaintiffs respectfully request approval of an award of attorneys' fees as provided in the Agreement in the total amount of $266,666.67 (or, one-third of the $800,000 Settlement Amount), plus reimbursement of expenses incurred in the prosecution of this action and to effectuate the Settlement of $20,933.89, to Class/Collective Counsel Scott & Winters and Klafter Lesser. Agreement at §1.28(b). The value of the benefits rendered to the Classes eminently favors approval of the requested award, and Third Circuit authority unequivocally favors approval.

#### A. Percentage of the Fund Awards are Typical in Common Fund Settlements

Courts within the Third Circuit most commonly use a percentage-of-recovery method to award attorneys' fees where a common fund is established, and, moreover, typically approve fee awards of one-third (or more) in wage and hour class and collective actions.[4] These courts have

---

[3] This motion will also be heard at the fairness hearing.

[4] *See, e.g., Goodman v. Burlington Coat Factory*, No. 11-cv-04395-JHS-JS (ECF No. 477)(D.N.J. Dec. 15, 2020) (awarding one-third of fund plus expenses); *Lucia v. McClain & Co.*, 2015 WL 8361763, at *2 (D.N.J. Dec. 8, 2015)164584 (D.N.J. Dec. 8, 2015) (42%); *Lovett v. Connect Am.com*, 2015 WL 5334261, at *5 (E.D. Pa. Sep. 14, 2015) (38.26%); *Rouse v. Comcast Corp.*, 2015 WL 1725721, at *14 (E.D. Pa. Apr. 14, 2015) (35%); *Creed v. Benco Dental Supply Co.*, 2013 WL 5276109 at *7 (M.D. Pa. Sep. 17, 2013) (33 1/3%); *Pullinger v. Arther R. Todd Elec. Contr.*, Inc., 2022 WL 4974816, at *3 (D.N.J. Oct. 4, 2022) (Third Circuit courts consistently approve FLSA settlements including 20-45% fee awards with multipliers between one to four); *Holden v. Guardian Analytics, Inc.,* 2024 WL 2845392, at *12 (D.N.J.

2

invoked the "percentage-of-recovery" method because, where a common fund has been created, doing so "directly aligns the interests of the class and its counsel" and because it incentivizes attorneys to create the largest common fund out of which payments to the class can be made. *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 122 (2d Cir. 2005) (leading decision; internal citations omitted); *see In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 300 (3d Cir. 2005) ("percentage of the fund" method of reviewing class action fee requests "is generally favored . . . because it allows courts to award fees from the fund 'in a manner that rewards counsel for success and penalizes it for failure.'"); *In re Cendant Corp. Litig.*, 264 F.3d 201, 256 (3d Cir. 2001) (same); *Lucia*, 2015 WL 8361763, at *2; *Lovett*, 2015 WL 5334261, at *5. The same considerations govern common funds created on behalf of FLSA claimants.[5]

B.   The Requested Fee Award Satisfies the *Gunter* Factors

To determine the reasonableness of a percentage of the fund fee recovery, courts in the Third Circuit typically consider the seven factors articulated in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 (3d Cir. 2000). *See generally Rite Aid*, 396 F.3d at 301 (explicating *Gunter*). These factors are the (1) size of the fund and number of beneficiaries; (2) presence (or absence) of substantial objections by class members; (3) skill and efficiency of attorneys

---

June 5, 2024) (multiples ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied). There have been fewer such settlements in recent years because the proliferation of arbitration clauses and collective waivers has diminished the number of such cases.

[5] Indeed, in what is perhaps the most serious consideration of current fee jurisprudence – the American Law Institute's *Principles of Aggregate Litigation* – it is stated that "the percentage-of-the-fund approach should be the method utilized in most common-fund cases, with the percentage being based on both the monetary and nonmonetary value of the judgment or settlement." American Law Institute, *Principles of the Law of Aggregate Litigation* § 3.13(b), (c) at 248-49 (2010).

involved; (4) complexity and duration of the case; (5) risk of nonpayment; (6) time devoted by counsel; (7) awards in similar cases. As well, in addition to the *Gunter* factors, the Court may also consider (8) the value of the benefits attributable to class counsel relative to the efforts of other groups; (9) the percentage fee that would have been negotiated had the case been subject to a private contingent fee arrangement at the time counsel was retained; and (10) any innovative terms of settlement. *See In re: AT&T Corp. Sec. Litig.*, 455 F.3d 160, 165-66 (3d Cir. 2006) (following the *Gunter* factors while explaining they "were not intended to be exhaustive"); *see also In re Prudential Insurance Co. America Sales Practice Litig.*, 148 F.3d 283, 315-16 (3d Cir. 1998). A review of each of these factors favors approval of the requested fee.

***Factor 1 – Size of the Fund Created and the Number of Persons Benefited*:** This factor favors approval because the settlement provides cash recoveries for 1692 individuals in the three state law classes (172 members in the Indiana Rule 23 Class, 1272 members in the Alabama Rule 23 Class, and 248 members in the California State Law Class), plus upwards of 2102 members in the opt-in FLSA Kronos Collective. Klafter Dec. at ¶3. Assuming a 100% opt-in rate for the Collective Members, and no requests for exclusion, the benefits provided by the Agreement represents approximately 37 percent of the maximum damages available to the Class and Collective Members. *Id.* Moreover, no Class or Collective Member will receive a payment of less than $50. *Id.* As the Settlement provides cash benefits to a large number of individuals, this factor favors approval.

***Factor 2 – Presence or Absence of Substantial Objections by Class Members*:** Class and Collective Members have forty-five days from the mailing of notice to submit objections. The objection period remains open. However, to date, no objections have been filed or otherwise raised to the attorneys' fees and expense/Enhancement Award request or to the Settlement.

Further, no third-party has objected to or otherwise sought to intervene in the Settlement. Klafter Dec. at ¶4. This factor will best be evaluated at the fairness hearing.

**Factor 3 – Skill and Efficiency of the Attorneys Involved:** Class/Collective Counsel Klafter Lesser and Scott & Winters are experienced wage and hour attorneys and have efficiently and effectively directed this matter to a fair and reasonable resolution. Klafter Dec. ¶5. Klafter Lesser has a nationwide reputation for prosecuting wage and hour lawsuits, including trying the leading FLSA trial within the Third Circuit, *Stillman v. Staples*. *Id.* As well, Klafter Lesser has obtained many hundreds of millions of dollars in recoveries for tens of thousands of other wage and hour clients. *Id.; see also* ECF No. 91-3 (Klafter Lesser firm resume).

Scott & Winters is equally well-qualified and experienced, and federal courts have frequently commented favorably on their competency and efficiency in handling wage and hour litigation. *See, e.g., Rapp v. Forest City Technologies, Inc.*, 2021 WL 2982005, at *10 (N.D. Ohio July 15, 2021); *Macaluso v. Zirtual Startups, LLC*, 2021 WL 3639665, at *4 (S.D. Ohio Aug. 17, 2021) ("In particular, Plaintiff's counsel [Scott & Winters] brings substantial collective experience in litigating claims under [the] FLSA"); *Wright v. Premier Courier, Inc.*, 2018 WL 3966253, at *7 (S.D. Ohio Aug. 17, 2018) (noting [Scott & Winters'] "competency and efficient handling of this matter"). *Id.; see also* Declaration of Ryan A. Winters (submitted with Plaintiffs' motion for preliminary approval at ECF No. 91-4).

This factor weighs in favor of approval.

**Factor 4 – Complexity and Duration of the Litigation:** The legal questions regarding liability and damages in this case are complicated, involve the law of multiple states, and are subject to potential defenses. Klafter Dec. at ¶6. Moreover, the dataset underlying the claims and disputes in this case is massive, and required an extensive and detailed analysis in order to

5

determine the amount of the payment to each Class and Collective Member. *Id.* Absent this Settlement, the Parties would have continued with extensive discovery, depositions, expert testimony, and, inevitably, multiple rounds of fulsome dispositive briefing. *Id.* Moreover, even though the parties engaged in an early mediation in this case, following its failure, the Parties exchanged discovery, negotiated a list of topics for 30(b)(6) deposition, and required months of work to gather and analyze the data and reach agreement as to the scope and potential value of the asserted claims. *Id.* This factor favors approval.

***Factor 5 – Risk of Nonpayment*:** Class Counsel took on this case pursuant to a contingency fee agreement. In doing so, Counsel assumed a real risk of non-payment, investing significant attorney time and monetary investment in the case over a period of years, with no guarantee of recovery. Klafter Decl. ¶7 ; *see also Tumpa v. IOC-PA, LLC*, 2021 WL 62144, at *11 (W.D. Pa. Jan. 7, 2021). This factor favors approval.

***Factor 6 – Amount of Time Devoted to the Case*:** Class counsel have dedicated approximately 904.85 attorney hours in this litigation. Klafter Dec. ¶8. This is a significant time investment.  *See Tumpa*, 2021 WL 62144, at *12 (citing *Rouse v. Comcast Corp*.,  2015 WL 1725721, *14 (E.D. Pa. Apr. 14, 2015) (221.45 hours of attorney time "was significant"). Furthermore, as described below in the discussion of the "lodestar cross-check," Class/Collective Counsel's fee request represents a *negative* multiplier of their time in the case. This factor favors approval.

***Factor 7 – Awards in Similar Cases*:** Here, the requested fee equals one-third of the total fund and falls well within the range of fee awards approved in other class/collective wage and hour actions in this District and other Districts in Pennsylvania. In *Kapolka v. Anchor Drilling Fluids USA, LLC*, 2019 WL 5394751, at *8-9 (W.D. Pa. Oct. 22, 2019) (approving a 35% fee

award), another court in this district reviewed settlements approved by district courts in this Circuit and noted that that "[f]ee awards ranging from thirty to forty-three percent have been awarded in cases with funds ranging from $400,000 to $6.5 million ... which are comparatively smaller than many." *Id.* (citing *Erie Cty. Retirees Ass'n v. Cty. of Erie, Pennsylvania*, 192 F. Supp. 2d 369, 381 (W.D. Pa. 2002); citing *see Martin v. Foster Wheeler Energy Corp.*, 2008 WL 906472, at *10 (M.D. Pa. Mar. 31, 2008)). *Kapolka* notes that "[d]istrict courts within the Third Circuit have typically awarded attorneys' fees of 30% to 35% of the recovery, plus expenses, in settlements of this size." *Id.* at 8 (citing *Martin*, at *5). The *Kapolka* court provided further examples supporting the 35% fee request, including *Arrington v. Optimum Healthcare IT, LLC*, 2018 WL 5631625, at *11 (E.D. Pa. Oct. 31, 2018) (33.3% fee award from $4,900,000.00 settlement); *Devlin v. Ferrandino & Son, Inc.*, 2016 WL 7178338 (E.D. Pa. Dec. 9, 2016) (33.3% award from $1,550,000.00 settlement); *Cikra v. LaMi Prod., LLC*, 2016 WL 9776077 (E.D. Pa. Nov. 10, 2016) (28.87% award, $1,550,000.00 total settlement); *Lyons v. Gerhard's Inc.*, 2015 WL 4378514 (E.D. Pa. July 16, 2015) (33.3% award, $153,500.00 settlement); *Rouse*, 2015 WL 1725721 (E.D. Pa. Apr. 15, 2015) (35% award, $453,900.00 settlement); *Erie Cty. Retirees Ass'n*, 192 F. Supp. 2d 369 (W.D. Pa. 2002) (38% fee award, $350,000.00 settlement); and *In re Valuevision Int'l Inc. Sec. Litig.*, 957 F. Supp. 699 (E.D. Pa. 1997) (34.27% award, $926,136.99 settlement). *See also Wood v. AmeriHealth Caritas Servs., LLC*, 2020 WL 1694549, at *9 (E.D. Pa. Apr. 7, 2020) ("fee awards generally range from 19% to 45% of the settlement fund"); *Creed v. Benco Dental Supply Co.*, 2013 WL 5276109, at *7 (M.D. Pa. Sept. 17, 2013) (33% "consistent with similar settlements throughout the Third Circuit"). This factor favors approval.

7

*Factor 8 – Value of Benefits Attributable to Class Counsel as Opposed to the Efforts of Other Groups such as Governmental Agencies*: This factor favors approval. No other governmental agencies, or other plaintiffs, have brought parallel actions.

*Factor 9 – Percentage of fee that would have been negotiated had the case been subject to a private contingent fee agreement*: As discussed in Factor 7 above, the one-third fees requested here are typical and are in line with awards approved in similar cases with common fund settlements. This factor favors approval.

*Factor 10 – Any innovative terms of settlement*: This factor is neutral. The settlement terms cannot be characterized as "innovative."

In summary, these factors favor approval of the requested attorneys' fee.

        C.        <u>The Requested Fee Award Satisfies the Lodestar Cross-Check</u>

Courts awarding fees under the percentage of recovery method may choose to perform a "lodestar cross-check" to protect against an excessive fee windfall. *Kapolka*, 2019 WL 5394751, at *10-11 (it is "'sensible' for district courts to 'cross-check' the percentage fee award against the 'lodestar' method.") (citing *In re Rite Aid Corp.*, 396 F.3d at 305). This optional cross-check is accomplished by "multiplying the number of hours reasonably worked on a client's case by a reasonable hourly billing rate for such services." *Id.* (citations omitted). This result is then compared to the percentage award to confirm its reasonableness. *Id.* "Multiples ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied." *Id.* (quoting *In re Prudential*, 148 F.3d at 341). Lodestar multipliers of up to 4 are "frequently awarded." *Wood*, 2020 WL 1694549, at *10 (citing cases); *see*, *e.g., Tavares*, 2016 WL 1743268, at *14 (approving 2.29 multiplier).

8

On the other hand, where a "recovery under a lodestar method would be much higher than under the percentage-of-recovery method," a lodestar cross-check is not required because there is no possibility of a "windfall." *Tumpa*, 2021 WL 62144, at *13 (citing *see Moore v. GMAC Mortg.*, 2014 WL 7690156, at *7 (E.D. Pa. Sept. 19, 2014) ("The lodestar cross-check is 'suggested,' but not mandatory."); *In re Safety Components, Inc. Sec, Litig.*, 166 F. Supp. 2d 72, 94 (D.N.J. 2001) ("*Cendant* stated that the use of the lodestar cross check is not mandatory in determining the reasonableness of a fee award.")).

Here, Class/Collective Counsel's recovery under the lodestar method would be much higher than under the percentage-of-recovery method – and hence there is no risk of a "windfall" Class/Collective Counsel jointly worked 904.85 hours in this case. Klafter Dec. at ¶8. The combined fees amount to $667,995.05. *Id.* Compared to the requested fee award of $266,666.67, the multiplier here is 0.39 (i.e., a multiplier under 1.0, which reduces the fee award; or, in the caselaw, a "negative multiplier"). The fact that Class/Collective Counsel's lodestar results in a "negative multiplier" eminently supports that the fee sought is reasonable. *See Dickerson v. York Int'l Corp.*, 2017 WL 3601948, at *11 (M.D. Pa. Aug. 22, 2017) ("A negative multiplier reflects that counsel is requesting only a fraction of the billed fee; negative multipliers thus 'favor[ ] approval.'") (*quoting Altnor v. Preferred Freezer Servs.*, 197 F. Supp. 3d 746, 767 (E.D. Pa. 2016)). Likewise here, Class/Collective Counsel are only seeking a fraction of their billed fee. Hence, the lodestar cross-check also favors approval. And for the Court's reference, Class/Collective Counsel's time records are attached to the Klafter Declaration at Exs. A and B.

D. <u>The Court Should Award Payment of Class Counsels' Expenses</u>

Per the terms of the Agreement, Plaintiffs respectfully request an award of $20,933 to Class/Collective Counsel as payment for Counsels' expenses in litigating this case and obtaining the Agreement. Agreement at §1.28(c). The expenses incurred by Counsel were reasonably necessary to prosecute this action and effect the Settlement, and are itemized in detail in the attached Klafter Declaration. Klafter Dec. at ¶9. The requested award is especially reasonable in light of the fact that the reimbursement of expenses sought is less than the actual expenses incurred. Class Counsels' combined expenses in this case amounted to $24,747.16. *Id.* The award sought therefore is only 85% of actual expenses.

II. **The Court Should Award Enhancement Payments to the Named Plaintiffs**

The Third Circuit has noted that enhancement payments exist "to compensate named plaintiffs for the services they provided and the risks they incurred during the course of class action litigation." *Sullivan v. DB Invests., Inc.*, 667 F.3d 273, 333, fn 65 (3d Cir.2011); *Mejia v. KVK-Tech, Inc.*, 2020 WL 5292074, at *4 (E.D. Pa. Sept. 4, 2020) (quoting *Alvarez v. BI Inc.*, 2020 WL 1694294, at *8 (E.D. Pa. Apr. 6, 2020)). These awards are not uncommon, and plaintiffs in employment lawsuits within the Third Circuit generally receive enhancement payments in recognition of their efforts on behalf of the entire class/collective. *See, e.g.,Hall v. Accolade, Inc.*, 2020 WL 1477688, at *10 (E.D. Pa. Mar. 25, 2020) (awarding $10,000 service award to class representative and two additional $1,000 service awards to opt-in plaintiffs); *Leap v. Yoshida*, 2016 WL 1730693, at *10 (E.D. Pa. May 2, 2016) ($5,000 service award); *Devine v. Northeast Treatment Ctrs.*, 2021 WL 4803819, at *10 (E.D. Pa. Oct. 14, 2021); *Tavares v. S-L Distrib. Co.*, 2016 WL 1743268, at *9 (M.D. Pa. May 2, 2016) (approving $15,000 service awards); *see also Craig v. Rite Aid Corp.*, 2013 2013 WL 84928, at *13 (M.D. Pa. Jan. 7, 2013) (service awards in the Third Circuit "have ranged from $1,000 up to $30,000.") (citing cases).

10

Service awards are particularly appropriate in wage and hour cases inasmuch as each Named Plaintiff here faced the risk of retaliation from within the industry—or at least the fear of such risk—by "putting their name out there" as Named Plaintiffs.  *Id.*  As the Second Circuit explained in *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 244 (2d Cir. 2011), "an employee fearful of retaliation or of being 'blackballed' in his or her industry may choose not to assert his or her FLSA rights."

Named Plaintiffs here – Christian Rodriguez, Isaac Diaz, Steven Sears, Jason Lorick, and Joni Lorik – faithfully represented the interests of the Class Members and ably assisted Class Counsel. Klafter Dec. at ¶10. Their contributions were instrumental in achieving the Agreement on behalf of all concerned. *Id.* They were in frequent contact with Class/Collective Counsel, provided essential information, participated fully in discovery, and remain prepared to perform their duties as Class Representatives up to and including trial. *Id.* The proposed service award of $5,000.00 to each Named Plaintiff (for a total award of $25,000) is reasonable and well-earned. *Id.*

### III.   The Court Should Approve Payment to the Settlement Administrator

Finally, the Court should also approve the payment of $37,500 to the Court-approved Claims Administrator, RG/2 Claims Administration, for the costs of Settlement Administration, including the printing of the Notice and checks, mailing to Potential Collective Members and dealing with replacement checks and remailings.  Klafter Dec. ¶11.  RG/2 is an experienced and well-regarded claims administrator, and the fees are reasonable for handling a class and collective settlement of this size. *Id.*

## IV. Conclusion

Named Plaintiffs respectfully request that the Court grant Plaintiffs' Motion for an award of (1) Attorneys' Fees and Expenses; (2) Enhancement Payments to the Named Plaintiffs; and (3) the Settlement Administrator's notice and administration costs.

Dated: March 17, 2025

By_____
Jeffrey A. Klafter (NY 1662428)*
Seth R. Lesser (NY 2265585)*
Christopher M. Timmel (NY 4535258)*
KLAFTER LESSER LLP
Two International Drive, Suite 350
Rye Brook, New York 10573
Telephone: (914) 934-9200
Email: jak@klafterlesser.com
Email: seth@klafterlesser.com
Email: christopher.timmel@klafterlesser.com

Joseph F. Scott (OH 0029780)*
Ryan A. Winters (OH 0086917)*
Kevin M. McDermott II (OH 0090455)
SCOTT & WINTERS LAW FIRM, LLC
P: (216) 912-2221  F: (440) 846-1625
11925 Pearl Rd., Suite 308
Strongsville, Ohio 44136
Email: jscott@ohiowagelayers.com
Email: rwinters@ohiowagelawyers.com
Email: kmcdermott@ohiowagelawyers.com

*Attorneys for Plaintiffs and the Class and Collective Members*

* admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. *See* LCvR 26.3.

Dated: March 17, 2025

By: _____
Jeffrey A. Klafter