IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTIAN RODRIGUEZ, *et al., on behalf of themselves and all others similarly situated,*<br><br>Plaintiffs,<br><br>v.<br><br>PPG INDUSTRIES, INC.,<br><br>Defendant. | Civil Action No. 2:22-cv-00838-MPK<br><br>*Electronically Filed*<br><br>Re: ECF Nos. 101 and 103 |

## ORDER GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT

Before the Court is the Named Plaintiffs Christian Rodriguez, Isaac Diaz, Steven Sears, Jason Lorick, and Joni Lanik's Unopposed Motion for an Order (1) granting final approval to the settlement of claims as set forth in the Settlement Agreement ("Agreement") between the parties in the above-captioned matter; (2) granting approval of payment to the Settlement Administrator; and (3) dismissing the Civil Action with prejudice in accordance with the terms of the Agreement. Also before the Court is Named Plaintiffs' Unopposed Motion for an Order approving Named Plaintiffs' application for attorney's fees and costs and approving Named Plaintiffs' application for enhancement payment as provided for in the Agreement.

The Court preliminarily approved the settlement set forth in the Agreement, a copy of which was submitted in connection with the Preliminary Approval Motion, in this action by order entered on January 17, 2025 (the "Preliminary Approval Order").

On April 23, 2025, the Court conducted a hearing (the "Fairness Hearing") to consider final approval of the Agreement. The Court has considered all matters submitted to it at the Fairness Hearing and otherwise, the pleadings on file, the applicable law, and the record.

For good cause shown, and as more fully explained below, the Motions are GRANTED.

The Court ORDERS as follows:

1.  **Final Certification of the Settlement Classes and Collective.** The Rule 23 Class Members are comprised as follows:

> Current or former non-exempt employees of Defendant who worked at Defendant's Huntsville, Alabama facility at any time from June 8, 2019 through December 5, 2023 ("the Alabama Class");

> Current or former non-exempt employees of Defendant who: (a) experienced an underpayment of certain wages during any pay period as a result of the December 2021 Kronos ransomware attack; (b) were employed in California at the time; and (c) received a reconciliation payment from Defendant following the attack in the amount of the net underpayments experienced during the attack ("the California Class");

> Current or former non-exempt employees of Defendant who worked at Defendant's Brazil, Indiana powder coating production facility at any time from June 8, 2019 through December 5, 2023 ("the Indiana Class") (together with the Alabama and California Classes, "the Settlement Classes").

The Settlement Class Members are comprised of the Rule 23 Class Members who did not affirmatively request exclusion. The Court finds that the Settlement Classes, as defined in the Agreement, meet the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, for the purposes of settlement, the Court certifies the Settlement Classes.

In addition, the Court finds that final certification of the previous conditional certification of the FLSA Kronos Collective, which is comprised as follows, for purposes of the Settlement, is warranted:

> Current or former non-exempt employees of Defendant who: (a) experienced an underpayment of certain wages as a result of the December 2021 Kronos ransomware attack; (b) received a reconciliation payment from Defendant following the attack in the amount of the net underpayments experienced during the attack; and (c) are not Rule 23 Class Members ("the FLSA Kronos Collective").

The Settlement Collective Members are comprised of the Prior FLSA Kronos Collective Opt-Ins and the FLSA Kronos Collective Members who timely submitted a properly completed Consent

to Join Form, which Consents have been filed with the Court.

2. **Class Representatives.** The Court grants final approval to the Named Plaintiffs to serve as Class Representatives with respect to the settlement, as follows: (1) Named Plaintiffs Lorick and Lanik are approved to serve as representatives of the Alabama Class; (2) Named Plaintiff Isaac Diaz is approved to serve as representative of the California Class; (3) Named Plaintiff Steven Sears is approved to serve as representative of the Indiana Class; and (4) Named Plaintiffs Christian Rodriguez, Isaac Diaz, and Steven Sears are approved to serve as representatives of the FLSA Kronos Collective.

3. **Class/Collective Counsel.** For purposes of the settlement, the Court appoints as Class/Collective Counsel for the Settlement Class/Collective Members Joseph F. Scott, Ryan A. Winters, and Kevin M. McDermott II of the law firm Scott & Winters Law Firm, LLC (50 Public Square, Suite 1900, Cleveland, Ohio 44113), and Jeffrey A. Klafter, Seth R. Lesser, and Christopher M. Timmel of the law firm of Klafter Lesser LLP (Two International Drive, Suite 350, Rye Brook, New York 10573).

4. **Final Approval of the Agreement.** The Court grants final approval of the Agreement and finds that it is a reasonable compromise of the claims of the Named Plaintiffs and the Settlement Class/Collective Members, reached by the Parties after an unsuccessful mediation, further litigation including the exchange of discovery, and intensive arms-length negotiations by experienced counsel for the Parties.

The Agreement is fair, just, reasonable, and adequate to, and in the best interest of, the Settlement Class/Collective Members. It achieves a definite and certain result for the benefit of the Settlement Class/Collective Members that is preferable to continuing litigation in which the Settlement Class/Collective Members would necessarily confront substantial risk, uncertainty,

delay, and cost. The Court also finds that the settlement terms negotiated by the parties and described in their Agreement are a fair and reasonable resolution of a bona fide dispute between the Named Plaintiffs, Settlement Class Members, the Settlement Collective Members, and the Defendant.

This Order constitutes final approval of the Agreement. The Agreement is binding on the parties to it and on all Settlement Class/Collective Members in accordance with the terms of the Agreement.

5. **Notice to the Class/Collective.** The Court determines that the Class Notice and the Collective Notice were given as required by the Preliminary Approval Order. The Court finds that the Class Notice was the best practical notice under the circumstances and provided all Rule 23 Class Members with fair and adequate notice of the terms of the settlement, the Fairness Hearing, and the opportunity to object to the settlement and/or exclude themselves from the settlement. The Court finds the Class Notice satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure. The Court also finds that the Collective Notice was the best practical notice under the circumstances and provided all FLSA Kronos Collective Members with fair and adequate notice of the terms of the settlement, and the opportunity to participate in the settlement.

6. **Attorneys' Fees and Litigation Expenses.** The Court approves Class/Collective Counsel's requested fees award of $266,666.67 and expense award of $20,933.89, for a total of $287,600.56. The Court finds this fee and expense award is justified. The Court finds that the Attorneys' Fees and Expenses Payment requested in Named Plaintiffs' unopposed motion is reasonable and that Class/Collective Counsel shall be awarded the requested amount. The Settlement Administrator shall be awarded $37,500.00 for its reasonable fees and expenses incurred in the administration of the settlement.

7.      **Enhancement Payments.** The Enhancement Payment to the Named Plaintiffs in the amount of $5,000.00 each, as set forth in the Agreement are approved for their substantial services for the benefit of the Settlement Class/Collective Members.

8.      **Administering the Settlement of Claims.** The Parties shall administer the settlement as set forth in the Agreement.

9.      **Release of Claims.** As of the date this judgment becomes final (meaning that the time for appeal has expired with no appeal taken, all appeals are resolved and none are left pending, or this judgment is affirmed in all material respects after completion of the appellate process), the Named Plaintiffs and Settlement Class/Collective Members, are forever barred from bringing or presenting any action or proceeding against any Released Party that involves or asserts any of the applicable Released Claims (as those terms are defined in the Agreement).

10.     **Dismissal with Prejudice.** All claims in the Civil Action are DISMISSED WITH PREJUDICE and, except as provided herein, without costs against any Party.

11.     **Dispute Resolution.** Without affecting the finality of this judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this judgment and the Agreement and all matters ancillary to the same.

12.     **Non-Admission.** This Order and the Agreement are not evidence of, or an admission or concession on the part of, the Released Parties with respect to any claim of any fault, liability, wrongdoing, or damages whatsoever.

13.     **Order for Settlement Purposes.** The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in any other action.

14. **Use of Agreement and Ancillary Terms.** Neither the Agreement nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including matters associated with the mediation) will be admissible or offered into evidence in any action related or similar to this one for the purposes of establishing, supporting or defending against any claims that were raised or could have been raised in this action or are similar to such claims.

**IT IS SO ORDERED,**

Dated: April 23, 2025

_____
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE